MARY K. VAN SICKLEN, Respondent, *v.* JOHN J. VOORHIES and Others, Defendants, Impleaded with PHILIP THIEL and ALMA THIEL, Appellants.

Second Department, April 15, 1921.

**Trusts — power in trust — conveyance by trustee — intention to exercise power — deed by trustee need not refer to power — partition — complaint alleging ownership not made insufficient by alleging conveyance by trustee of ancestor to third person which was claimed to be void.**

Where a trustee executed a deed of property intending thereby to exercise a power in trust conferred upon him by deed, his deed is effectual to pass title whether the power is referred to or not, and the fact that he referred to the wrong deed from his grantor as a source of his power does not render his deed invalid.

Complaint in an action for partition in which it is alleged that the property in question was transferred to a third person by a trustee of the ancestor,

which deed the plaintiff claims to be void, is not demurrable where there is no allegation that any of the defendants are the successors in interest of said third person, but it is alleged merely that they claim some interest in the property, since the ownership of the property by the plaintiff and her cotenants is not necessarily inconsistent with the conveyance to the third person, who may have conveyed the property back to the plaintiff's ancestor.

Appeal by the defendants, Philip Thiel and another, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 15th day of November, 1920, overruling the demurrers to the complaint in an action for partition.

*Francis X. Hennessy,* for the appellants.

*Frederick G. Ashley,* for the respondent.

Blackmar, J.:

We think the order overruling the demurrer of defendants Philip Thiel and Alma Thiel should be affirmed, but not for the reason given by the trial justice, with which we cannot agree. The conveyances set forth in full in the complaint, we think, establish the fact that the property of which parcel 2 described in the complaint formed a part was competently conveyed to Adam Thiel. The trustee in his deed direct to Adam Thiel intended to exercise whatever power he had to dispose of this property. It is apparent that the parties, including the trustee, assumed that the deed of March 17, 1873, failed to convey parcel No. 2 to the trustee on account of an error in the description of the property, and that the source of the trustee's title to such property was the deed of May 11, 1874. Therefore, when the trustee conveyed that property he referred to the deed of May 11, 1874, as the source of his power. The question whether a power is exercised by a deed by the donee of the power depends upon the intent. (*White* v. *Hicks,* 33 N. Y. 383; *Hutton* v. *Benkard,* 92 id. 295.) In this case there can be no reasonable doubt that the trustee intended to exercise whatever power he had to convey parcel No. 2, and it is a matter of indifference whether that power was granted to him by the deed of March 17, 1873, or of May 11, 1874. Any deed executed by a grantee

of a power, conveying property that can be conveyed only by virtue of a power in trust, is a valid exercise of such power, whether the power be referred to in the deed or not. (1 R. S. 737, § 124; now Real Prop. Law, § 175.) If the claim of the plaintiff is correct, that the trustee derived his power from the deed of March 17, 1873, and that by referring to the deed of May 11, 1874, as the source of his power he failed to exercise the power contained in the deed of March 17, 1873, his deeds have no effect whatever, and we cannot assume that the trustee intended to execute a deed that would subserve no purpose.

We are, therefore, led to the conclusion that the conveyances stated in the complaint are effective to transfer the title from the ancestor of the plaintiff to Adam Thiel, and that Adam Thiel was the owner of parcel No. 2 as late as the 15th day of September, 1890. If the complaint had alleged in so many words that defendants Alma Thiel and Philip Thiel were successors to the title then held by Adam Thiel, the complaint would be demurrable as to them. But it is not so alleged. The complaint alleges that the plaintiff and certain of the defendants are the owners in fee of this property, and that defendants Philip Thiel and Alma Thiel claim some interest therein which is unknown to the plaintiff and which is derived from a deed executed in 1919. The ownership of this property by the plaintiff and her cotenants is not necessarily inconsistent with the fact that the plaintiff's ancestor conveyed, through the trustee, this property so that it was vested in Adam Thiel on the 15th day of September, 1890, for, *non constat,* Adam Thiel may have conveyed the same back to the plaintiff's ancestor. We think the defendants should have availed themselves of the privilege granted by the court to withdraw the demurrer and to answer.

The order is affirmed, with ten dollars costs and disbursements, with leave to the defendants to withdraw their demurrers and to answer within twenty days.

Mills, Rich, Kelly and Jaycox, JJ., concur.

Order affirmed, with ten dollars costs and disbursements, with leave to the defendants to withdraw their demurrers and to answer within twenty days.